NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW JAMES KING, | No. 08-17561 |
| Petitioner - Appellant, | D.C. No. 3:05-cv-00128-JCM-VPC |
| v. | |
| E.K. MCDANIEL, Warden; NEVADA ATTORNEY GENERAL, | MEMORANDUM [*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 2, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

Defendant Matthew James King appeals the district court's order dismissing

his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We affirm. Because the

parties are familiar with the factual and procedural history of this case, we will not

recount it here.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**I**

The district court correctly determined that any error under state law in admitting Detective Sherwood's statements on the cause of Hatsady's injuries did not rise to the level of a due process violation. To violate due process, wrongly admitted evidence must be "so extremely unfair that its admission violates fundamental conceptions of justice." *Dowling v. United States*, 493 U.S. 342, 352 (1990) (quotation marks and citation omitted). Moreover, any error was harmless, as defense counsel mitigated the effect of Sherwood's testimony by securing an admission on cross-examination that Hatsady's injuries were also consistent with having allergies, wearing contacts, and drinking alcohol. In addition, medical record evidence submitted to the jury included a notation from Hatsady's treating physician Stephen Mussehl indicating that she suffered "acute . . . [a]sphyxiation."

We thus conclude that the Nevada Supreme Court's rejection of King's claim was neither "contrary to," nor "an unreasonable application of," clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1).

**II**

The district court properly denied King's challenge to the sufficiency of the evidence sustaining his convictions. "A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used

-2-

to obtain a state conviction on federal due process grounds." *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005). Sufficient evidence supports a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "After AEDPA, we apply the standards of *Jackson* with an additional layer of deference." *Juan H.*, 408 F.3d at 1274.

King argues that insufficient evidence established the specific-intent element of attempted murder. However, Hatsady testified that King strangled her from behind; that he continued to do so while she resisted, banging her head against the floor and bed frame, and after she feigned death; and that she eventually lost consciousness. Hatsady also testified that she awoke with a telephone cord tied tightly around her neck. On this evidence, a rational trier of fact could have found that King specifically intended to kill her beyond a reasonable doubt. Although King challenges the credibility of Hatsady's testimony, we must presume that the jury resolved any conflicts in favor of the prosecution and defer to that resolution. *See McMillan v. Gomez*, 19 F.3d 465, 469 (9th Cir. 1994); *see also Schlup v. Delo*, 513 U.S. 298, 330 (1995) (recognizing that the credibility of witnesses is generally beyond the scope of sufficiency of the evidence review).

King next challenges the sufficiency of the evidence to support his kidnapping conviction. A rational juror could have found that the evidence satisfied the elements of kidnapping under Nevada law beyond a reasonable doubt. There was evidence that King moved Hatsady from the bedroom into the shower and that she regained consciousness with a telephone cord wound tightly around her neck and with handcuffs attached. *See, e.g.*, *Hutchins v. State*, 867 P.2d 1136, 1140 (Nev. 1994) (upholding a kidnapping conviction for a robber who seized, confined, and carried his victim from the living room of her apartment to the hall area because "the forcible method used to relocate her to a secure setting for the assault, coupled with the measures used to accomplish restraint, created a greater risk of harm . . . .").

Finally, King challenges his convictions for robbery and grand theft auto on the ground that insufficient evidence establishes that he took Hatsady's property. However, as the district court found, "[a] rational juror permissibly may infer from the fact that both the assailant and the victim's property are gone after the victim regained consciousness that the assailant took the property from the unconscious victim, particularly where, as here, the assailant and the victim were alone together in the assailant's motel room." We agree, and affirm the district court's denial of habeas relief on this ground.

-4-

## III

King claims that he received ineffective assistance of counsel when his trial attorneys failed to conduct forensic testing, call medical expert witnesses, and investigate evidence pointing to another assailant. To make out a claim for ineffective assistance, King must show that trial counsel's performance: (1) fell below an objective standard of reasonableness, and (2) prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668 (1984). We affirm the district court's rejection of all three of King's claims of ineffective assistance of trial counsel.

King alleges that his trial counsel performed deficiently by failing to obtain forensic testing of: (1) a red-brown substance observed on a sock and near a light switch, and (2) red hair found in a knotted telephone cord. However, defense counsel repeatedly emphasized the State's failure to link the evidence forensically to Hatsady and thus did not perform ineffectively. Second, King does not support his contention that the test results would likely have excluded Hatsady. Even if the results did exclude Hatsady, they would have had minimal exculpatory value given that the evidence came from a motel room with frequent guest turnover.

King next asserts that defense counsel performed ineffectively in failing to call Dr. Mussehl to testify that Hatsady's injuries were consistent with King's

"rough sex" defense. The Nevada Supreme Court rejected this claim on post-conviction review on the ground that it "is belied by the record," and we agree. Dr. Mussehl's notes included a notation that Hatsady suffered "acute . . . [a]sphyxiation." Moreover, no prejudice resulted, as defense counsel highlighted in his closing statement the inadequacy of Sherwood's testimony, the content of the medical reports, and the State's failure to call any medical experts.

Finally, King argues that defense counsel performed ineffectively by failing to conduct an adequate investigation into the possibility of another assailant. However, King's story that he abandoned Hatsady after finding her unconscious from drug use had already been discredited and his claim of another assailant rested on pure speculation. The Nevada Supreme Court's rejection of this claim was thus neither contrary to, nor an unreasonable application of, the *Strickland* standard.

**IV**

King contends that his appellate counsel performed ineffectively in failing to object when the State "intentionally and deliberately failed to collect, preserve, and disclose" four items of potentially exculpatory evidence. This claim also relies on pure speculation, as King does not provide any support for the proposition that forensic testing of the items would have likely exonerated him or identified a

-6-

different assailant. Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745 (1983). Thus, the state court's decision rejecting this claim was not contrary to, or an unreasonable application of, the *Strickland* standard.

## V

King argues that cumulative error rendered his trial fundamentally unfair in violation of due process. The Nevada Supreme Court dismissed this claim on the rationale that all of King's individual claims of error fail. We agree, and conclude that King's final claim does not provide a basis for federal habeas relief.

**AFFIRMED**.